UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT RASZEWSKI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, L.P.,<br><br>Defendants. | Case No.   3:20-cv-95<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Scott Raszewski ("Plaintiff") brings this action against LVNV Funding, LLC, and Resurgent Capital Services, L.P. ("Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action seeks damages, attorneys' fees, and costs against Defendants for their violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, the Fair Credit Extension Uniformity Act ("FCEUA"), 73 P.S. §§ 2270.1, *et seq.*, Chapter 63 of the Consumer Credit Code ("CCC"), 12 P.S. §§ 6301, *et seq.*, and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. §§ 201-1, *et seq*.

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction of Plaintiff's federal law claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1692.

3. The Court has subject matter jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367 because Plaintiff's state law claims are so related to the federal claims that they form part of the same case or controversy.

4. The Court has personal jurisdiction over Defendants because Plaintiff's claims arose in this district and Defendants do substantial business in this district.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and/or omissions at issue occurred in this district.

## PARTIES

6. Plaintiff is a resident of Somerset County, Pennsylvania.

7. Defendants are business entities with their principal place of business in Greenville, South Carolina.

8. LVNV's sole business is purchasing defaulted consumer debt to collect debt for profit.

9. LVNV purchases defaulted consumer debt for pennies on the dollar.

10. Resurgent's sole business is collecting debts purchased and owned by LVNV.

11. Resurgent, on behalf of LVNV and under LVNV's name, calls consumers, sends consumers letters, and files lawsuits against consumers, either directly or indirectly through third parties.

12. Defendants use instrumentalities of interstate commerce, such as telephone, mail, and the internet, to collect debt from consumers.

## FACTUAL ALLEGATIONS

**I.    Plaintiff's Capital One Bank Credit Card Accounts.**

13.    At some time in the past, Capital One Bank issued Plaintiff credit card accounts (the "Accounts").

14.    The Accounts allowed Plaintiff to purchase goods and services from businesses that agreed to accept the Accounts as payment for goods and services.

15.    Plaintiff used the Accounts to purchase goods and services from entities engaged in the business of selling goods and services to consumers.

16.    The goods and services Plaintiff purchased were used for personal, family, and/or household purposes.

17.    The Accounts provided for Plaintiff to make payments directly to Capital One Bank.

18.    The Accounts allowed Plaintiff to repay the purchase of goods and services over time through installment payments to Capital One Bank.

19.    The Accounts imposed interest on periodic unpaid account balances.

20.    The interest imposed on periodic unpaid account balances was expressed as an annual percentage rate ("APR").

**II.    Defendants Sued Plaintiff On The Accounts.**

21.    In September 2019, Defendants filed two lawsuits against Plaintiff in the Somerset County Court of Common Pleas.

22.    Defendants claimed LVNV purchased the Accounts from Capital One Bank.

23.    Plaintiff hired an attorney to defend the lawsuits.

24. Plaintiff filed preliminary objections in the lawsuits Defendants filed against Plaintiff.

25. On October 21, 2019, Plaintiff's preliminary objections were granted.

26. On January 23, 2019, the lawsuits Defendants filed were dismissed with prejudice.

**III. Defendants' Lawsuits Against Plaintiff Were Unlawful.**

27. Plaintiff should not have had to defend the lawsuits, or pay an attorney to do so, because Defendants could not lawfully collect the Accounts by filing suit against Plaintiff or by subjecting Plaintiff to legal process.

28. In order to lawfully use the Pennsylvania court system to collect defaulted "open-end credit agreements," holders of such accounts must provide prior notice that complies with Section 6309 of the CCC. *See* 12 Pa. C.S. § 6309(b)(2).

29. The Accounts qualify as "open-end credit agreements" under the CCC. *See* 12 Pa. C.S. §§ 6302, 6331.

30. The notice must be delivered by certified mail or personally to the consumer. *See* 12 Pa. C.S. § 6309I(1).

31. The notice must inform the consumer of the following: i) the right to cure the default on the account within 21 days of the date of receipt of the notice; ii) the name, address and telephone number of the seller or holder of the account; iii) the total amount due on the account; iv) the exact date by which the amount due on the account must be paid; v) the name, address and telephone number of the person to whom payment must be made; and vi) any other performance necessary to cure default on the account. *See* 12 Pa. C.S. § 6309(c)(2).

32. Defendants did not meet the prior notice requirements of Section 6309 of the CCC.

4

33. Prior to filing suit against Plaintiff, Defendants did not send certified mail to Plaintiff.

34. Prior to filing suit against Plaintiff, Defendants did not personally deliver anything to Plaintiff.

35. Prior to filing suit against Plaintiff, Defendants did not send Plaintiff a notice that informed Plaintiff of: i) right to cure the default on the Account within 21 days of the date of receipt of the notice; ii) the name, address and telephone number of the seller or holder of the Account; iii) the total amount due on the Account; iv) the exact date by which the amount due on the Account must be paid; v) the name, address and telephone number of the person to whom payment must be made; and vi) any other performance necessary to cure default on the Account.

**IV.    Defendants Filed Thousands Of Lawsuits Without Notice.**

36. Defendants regularly file suit against Pennsylvania consumers on "open end credit agreements" without meeting the prior notice requirements of Section 6309 of the CCC.

37. For example, on information and belief, in September 2019 alone, the month in which Defendants sued Plaintiff, Defendants filed close to 700 such lawsuits in Pennsylvania's Magisterial District Courts.

38. On information and belief, Defendants served close to 500 of these lawsuits.

39. On information and belief, prior to filing each lawsuit, Defendants failed to send a notice in the manner prescribed by 12 Pa. C.S. § 6309(c)(1).

40. On information and belief, prior to filing each lawsuit, Defendants failed to send a notice containing the language in 12 Pa. C.S. § 6309(c)(2).

41. Defendants filed thousands more lawsuits over the past year in Pennsylvania's Magisterial District Courts and Courts of Common Pleas.

42. On information and belief, prior to filing each lawsuit, Defendants failed to send a notice in the manner prescribed by 12 Pa. C.S. § 6309(c)(1).

43. On information and belief, prior to filing each lawsuit, Defendants failed to send a notice containing the language in 12 Pa. C.S. § 6309(c)(2).

44. In short, Defendants regularly subject Pennsylvania consumers to legal process on "open end credit agreements" without the right to do so.

45. Plaintiff and the members of the proposed classes should not have been forced to defend the lawsuits filed against them because Defendants could not legally file suit.

46. Defendants' lawsuits misrepresented Defendants' ability to sue Plaintiff and the members of the proposed classes.

47. The lawsuits filed against Plaintiff and the members of the proposed classes unfairly subjected Plaintiff and the class members to the legal system.

48. As a result of Defendants' actions, Plaintiff and the members of the proposed classes suffered injury, including monetary harm for any attorneys' fees paid to defend against the lawsuits Defendants filed without legal authority.

## CLASS ALLEGATIONS

49. Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

50. Plaintiff seeks to certify the following classes:

**The FDCPA Class:**

All individuals who, within the applicable statute of limitations: i) were sued by Defendants in Pennsylvania on a credit card account Defendants claim they purchased from Capital One Bank; and ii) were served with the lawsuit.

> **The State Law Class:**
>
> All individuals who, within the applicable statute of limitations: i) were sued by Defendants in Pennsylvania on a credit card account Defendants claim they purchased from Capital One Bank; and ii) paid an attorney to defend the lawsuit.

51.  Plaintiff reserves the right to expand, narrow, redefine, split, or otherwise modify the classes as the litigation continues and discovery proceeds.

52.  <u>Numerosity</u>: The classes are so numerous that joinder is impracticable. On information and belief, both classes number in the hundreds.

53.  <u>Ascertainability</u>: The classes are ascertainable because Defendants, the courts, and the relevant creditors keep and collect relevant information on each class member.

54.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the classes because the claims of Plaintiff and the class members are based on the same legal theories and arise from the same conduct.

55.  <u>Commonality and Predominance</u>: Plaintiff and the members of the classes share numerous common questions of law and fact that predominate over any individual issues and will drive the resolution of the litigation. Most importantly, Defendants' practice of suing consumers before sending prior notice under Section 6309 of the CCC either is unlawful as to Plaintiff and each class member or to none of them. This common question of law and fact, and other similar common questions of law and fact, predominate over any individual issues and will drive the resolution of the litigation.

56.  <u>Adequacy</u>: Plaintiff is an adequate representative of the classes because Plaintiff's interests do not conflict with the interests of the class members. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the classes. Plaintiff's interests are not

antagonistic to the interests of the class members. Plaintiff's counsel are experienced in the prosecution of class action litigation generally and FDCPA litigation specifically.

57. <u>Superiority</u>: The injury sustained by each class member is not of such magnitude that it is economically feasible to prosecute individual actions against Defendants. Requiring many injured plaintiffs to file individual actions would impose a crushing burden on the court system and almost certainly lead to inconsistent judgments. By contrast, class treatment presents far fewer management difficulties and provides benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

**COUNT I**
**Violation of the Fair Debt Collection Practices Act**
**15 U.S.C. §§ 1692, *et seq.***

58. Plaintiff brings this claim individually and on behalf of the FDCPA class.

59. Plaintiff is a consumer, the Accounts are debts, and Defendants are debt collectors under the FDCPA. 15 U.S.C. §§ 1692a(3), (5), (6).

60. Defendants' actions and practices described herein constitute as: false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e; and/or unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

61. As a result of Defendants' failure to comply with the provisions of the FDCPA, and the resulting injury and harm Defendants' failure caused, Plaintiff is entitled to actual damages, statutory damages, and attorneys' fees and costs under 15 U.S.C. § 1692k.

## COUNT II
### Violation of the Fair Credit Extension Uniformity Act
### 73 P.S. §§ 2270, *et seq.*

62.     Plaintiff brings this claim individually and on behalf of the State Law Class.

63.     Plaintiff is a consumer, the Accounts are debts, and Defendants are debt collectors or creditors under the FCEUA. 73 P.S. § 2270.3.

64.     In the event Defendants are debt collectors, their actions and practices described herein constitute as unfair and deceptive debt collection acts or practices under the FCEUA because they violate 15 U.S.C. §§ 1692e and/or 1692f, as explained above. 73 P.S. § 2270.4(a).

65.     In the event Defendants are creditors, their actions and practices described herein constitute as unfair or deceptive debt collection acts or practices under the FCEUA because they constitute as: false, deceptive or misleading representations or means in connection the collection of a debt; and/or unfair or unconscionable means to collect or attempt to collect a debt. 73 P.S § 2270.4(b).

66.     Defendants' use of unfair or deceptive debt collection acts or practices under the FCEUA constitute as violations of the UTPCPL. 73. P.S. § 2270.5(a).

67.     Plaintiff lost money or property as a result of Defendants' violations.

68.      Plaintiff is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 P.S. § 201-9.2.

## COUNT III
### Violation of Chapter 63 of the Consumer Credit Code
### 12 P.S. §§ 6301, *et seq.*

69.     Plaintiff brings this claim individually and on behalf of the State Law Class.

70.     Plaintiff is a buyer, Defendants are holders, and the Accounts are open-end credit agreements under the CCC. 12 P.S. § 6302.

71. Defendants violated the CCC by initiating suit without sending a CCC compliant notice, as required by 12 P.S. § 6309.

72. Defendants' violations of the CCC described herein also constitute as violations of the UTPCPL. 12 P.S. § 6355.

73. Plaintiff lost money or property as a result of Defendants' violations.

74. Plaintiff is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 P.S. § 201-9.2.

### COUNT IV
### Violation of the Unfair Trade Practices and Consumer Protection Law
### 73 P.S. §§ 201-1, *et seq.*

75. Plaintiff brings this claim individually and on behalf of the State Law Class.

76. Defendants and Plaintiff are persons, the Accounts arose from the purchase or lease of goods or services primarily for personal, family or household purposes, and Defendants' actions and practices described herein were conduct as part of trade or commerce under the UTPCPL. 73 P.S. §§ 201-2(2)-(3), 201-9.2.

77. Defendants' actions and practices described herein constitute as unfair methods of competition and unfair or deceptive acts or practices under the UTPCPL because Defendants are engaging in fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding. 73 P.S. § 201-2(4)(xxi).

78. Defendants' use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce is in violation of 73 P.S. § 201-3.

79. Plaintiff lost money or property as a result of Defendants' violations.

80. Plaintiff is entitled to actual damages, statutory damages, treble damages, and attorneys' fees and costs under 73 P.S. § 201-9.2.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

a. An order certifying the proposed classes, appointing Plaintiff as representative of the proposed classes, and appointing undersigned counsel as counsel for the proposed classes.

b. An order awarding actual, statutory, treble and all other damages available by law, along with pre-and post-judgment interest;

c. An order awarding attorneys' fees and costs;

d. An order declaring Defendants' conduct unlawful; and

e. An order awarding all other relief that is just, equitable and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff requests a jury trial on all claims so triable.

Respectfully Submitted,

Dated: May 18, 2020

By: */s/ Kevin Abramowicz*
Kevin Abramowicz
Kevin W. Tucker
East End Trial Group, LLC
186 42nd Street, PO Box 40127
Pittsburgh, PA 15201
Tel: (412) 223-5740
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com

Gary F. Lynch
Edwin J. Kilpela, Jr.
Carlson Lynch LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
glynch@carlsonlynch.com
ekilepal@carlsonlynch.com

*Attorneys for Plaintiff*